Curia, per Johnston, Ch.
We are unanimously of opinion that the decree must stand. I am myself satisfied, (though there is some difference of opinion among us on this point) that, *76 in holding Shultz to be an incompetent witness, I was mistaken, and that my first impressions on this subject were correct. In supposing that Simpson was possessed of a special lien only, and not of a general lien also, I had reference to the mortgages, but overlooked the decree for the amount secured, which was founded on them. I am satisfied now that Shultz could be no gainer by his evidence. For although it might have the effect of setting aside the mortgages as between Simpson and his execution creditors, and exposing the mortgaged- property to sale, for the payment of his debts generally, and of giving the execution creditors the preference, to be satisfied out of the avails; yet when they are all satisfied, Simpson’s decree, which must stand as between himself and Shultz, would be entitled to be paid out of the balance. And this is not all. If, contrary to all expectation, there should still remain any balance of the avails, Simpson, and not Shultz, would be entitled to that also. For we must not forget that, as between these two, not only are the mortgages, and the decree of foreclosure, good and conclusive, but the sale made under them, and the purchase of the premises by Simpson at that sale, are also unimpeachable by Shultz, and constitute Simpson the owner of the premises. So that, as owner, he could lay claim to the whole balance of the proceeds of the resale.
But allowing Shultz to be a competent witness, it is the unanimous opinion of this court, that his testimony is not sufficient to entitle the plaintiffs to a decree. This opinion is founded upon the technical rule, which sustains an answer not opposed by more than one witness. In opposition to Simpson’s answer there is only this one witness. It is true, that under the same rule, if circumstances conspire with the witness the answer cannot stand. But here, to say the most, the circumstances are on both sides, with a very strong preponderance in favor of the answer. So that allowing Shultz to be not only competent but credible, his evidence, for want of corroboration, fails to outweigh the answer of Simpson.
The bona Jides of the deeds to Simpson being thus established, it remains to consider the sufficiency of the instruments themselves.
There is no pretence for the position that the title to the premises was ever in Mr. Solicitor Earle. The deed to him recites that he bought for the State, and the conveyance is to him for *77 the State. Here is an absence of all those circumstances, such as something to be done by the trustee, and the like, which have been held to detain the title in the trustee, and our own decision of Ramsay vs. Marsh, 2 McC. 252, is sufficient to shew that the use was executed in the State.
The title was, therefore, in the State, from the date of the deed to Mr. Earle. It is fair to concede that the conveyance of Ward-law and Griffin, under their authority of 1832, transfered it to Sibley, as to so much of Hamburg as was covered by the deed, and that it never returned to Shultz until Sibley conveyed to him in 1838.
.In the mean time Thompson conveyed to Simpson under the order of Shultz.
The question is upon the sufficiency of this latter conveyance, as against the judgment creditors of Shultz.
Is there any doubt that when the Legislature authorized Mr. Thompson to convey to Shultz, or to his appointee, upon the 16,000 dollars being paid into the treasury, it in effect created in and transfered to Shultz, the entire beneficiary interest in the premises to be conveyed ? Can there be any doubt of that; or that Thompson was made a mere ministerial agent to follow his directions ? The discretion was with Shultz and not with Thompson. Under these circumstances, Thompson, at his request, subscribed the deeds in blank and delivered them to him. These skeleton deeds were so printed as to recite the authority of the agent, and to confine the property to be transfered within the power, 4 McC. 239 ; 2 Hill Ch. 6 ; and no property could have been inserted in the blanks, so as to pass under the authority created, but property in the town of Hamburg.. The deeds, being in jShultz’s possession, could never be filed up, or pass from him, without his consent and direction. He did pass them to Simpson, filled up by his direction, and indorsed with a bona fide contract in relation to them, subscribed by himself and securing an interest to himself in the premises, to wit: the right of redemption.
Shall words be multiplied or cases quoted to prove that in this transaction Shultz was really the principal and Thompson his agent 1 or that, for any supposed irregularity, none but the principal could complain? or that he, being bound by a Iona fide contract, should not' be allowed to do so ?
It is true that as to a portion of the property covered by Thomp *78 son’s deeds, the title, being in Sibley at the time, did not pass. ' But it passed as far as Shultz could pass it, and when he subsequently acquired it from Sibley, that acquisition enured to the benefit of his prior grantee.
(a) For the maxim, the interest, when it accrues, feeds the estoppel, and an application of it, vide Doe vs. Oliver, 5 M. and R. 202; S. C. 2 Smith’s Lead. Ca. 417. '
It may be granted., (taking a different view,) that the 'conveyances to Simpson, indorsed in the nature of mortgages, passed only the equitable interests which Shultz held in the premises. What then ? Was not this a specific lien, or contract, which, according to the principle of Finch vs. Winchelsea, 1 P. Wms. 282, and of our own case of Massey vs. McIlwain, 2 Hill Ch. 482, would be enforced, even as against general liens binding the land, when the title was subsequéntly acquired by Shultz from Sibley? No doubt of it, and there are cases enough to shew that, if Shultz had simply deposited these deeds by way of pledge for the money advanced on them, that would have created an equity in Simpson which must be satisfied in preference to general creditors, whose liens came in afterwards against the land when conveyed to him by Sibley.
It is ordered that the decree be affirmed.
The whole court concurred.